**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILTON B. SCOTT, | No. 15-15240 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-04901-VC |
| v. | |
| ERIC ARNOLD, Acting Warden, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Vince G. Chhabria, District Judge, Presiding

Argued and Submitted April 11, 2016
San Francisco, California

Before: WALLACE, SCHROEDER, and N.R. SMITH, Circuit Judges.

Petitioner Milton Scott appeals from the district court's judgment denying

his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. We

review the district court's decision de novo, *Murdaugh v. Ryan*, 724 F.3d 1104,

1113 (9th Cir. 2013), and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Under the *Strickland* standard for demonstrating a violation of the Sixth Amendment right to effective counsel, a defendant must show that counsel's performance was deficient under a standard of objective reasonableness, and that deficient performance prejudiced the defense so seriously as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Scott contends that his counsel's performance at the third trial was deficient, and that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different and thus he was prejudiced by those errors.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), we give considerable deference to state court decisions. However, where the state court has provided an adjudication on the merits without a reasoned explanation, this court conducts an independent review of the record to determine whether the state court's final resolution of the case constituted an unreasonable application of clearly established Supreme Court precedent. *Greene v. Lambert*, 288 F.3d 1081, 1088–89 (9th Cir. 2002). "Independent review of the record is not de novo review of the constitutional issue, but rather, the only method by which we can determine whether a silent state court decision is objectively unreasonable." *Himes v. Thompson*, 336 F.3d 848, 853 (9th Cir. 2003).

We need not decide whether counsel's performance was deficient because Scott has not met his burden to demonstrate that deficient performance by his counsel, if any, prejudiced the defense. Upon examination of what evidence the factfinder would have had absent counsel's alleged error, Scott has not demonstrated a reasonable probability that the jury would have had a reasonable doubt respecting guilt. *See Strickland*, 466 U.S. at 694–95.

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

There is ample additional evidence in the record to support the jury's verdict. Scott had a history of dispute with the victim, and after seeing him at the convenience store and then leaving, chose to turn his car around, borrow his friend's gun, and shoot the victim multiple times. Scott had also presented an alibi defense and planned to call witnesses to lie on his behalf, which likely damaged his credibility once the prosecution introduced a surveillance video depicting the events above on tape. Considering the evidence the jury had before it without the witness audio tape, under the highly deferential *Harrington* standard, fairminded

jurists could disagree on the correctness of the state's decision on the ineffective counsel claim, and federal habeas relief is denied.

**AFFIRMED.**